IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH LAKES,<br><br>            Plaintiff,<br><br>      v.<br><br>MICHAEL CHERTOFF,<br><br>            Defendant. | NO. C04-1915 TEH<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

This matter came before the Court on Monday, May 9, 2005, on Defendant Michael Chertoff's motion for summary judgment. Assistant United States Attorney Jonathan U. Lee appeared for Defendant, but there was no appearance on behalf of Plaintiff Kenneth Lakes. The Court directed its courtroom deputy to contact Plaintiff's counsel, Mr. David Leonard Ross, by telephone. Mr. Ross was not in his office, nor did his staff provide any indication that Mr. Ross planned to attend the hearing. Plaintiff also failed to file any opposition papers to Defendant's motion. Upon careful consideration of Defendant's papers and relevant law, the Court finds good cause to GRANT Defendant's motion for the reasons discussed below.

**LEGAL STANDARD**

Summary judgment is appropriate when there is no genuine dispute as to material facts and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Toscano v. Prof'l Golfers Ass'n*, 258 F.3d 978, 982 (9th Cir. 2001). Material facts are those that may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.* The court may not weigh the evidence and must view the evidence in the light most favorable to the nonmoving party. *Id.* at 255.

A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion, and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. *Id.* at 322-23. However, on an issue for which its opponent will have the burden of proof at trial, the moving party can prevail merely by "pointing out to the District Court . . . that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. If the moving party meets its initial burden, the opposing party must then "set forth specific facts showing that there is a genuine issue for trial" in order to defeat the motion. Fed. R. Civ. P. 56(e); *Anderson,* 477 U.S. at 250.

**DISCUSSION**

Plaintiff filed this suit on May 14, 2004, alleging that Defendant violated Title VII by discriminating against Plaintiff based on race and retaliating against Plaintiff for engaging in protected equal employment opportunity ("EEO") activity. Defendant served requests for admission by mail on Plaintiff's counsel on February 18, 2005. Plaintiff's responses were therefore due on March 23, 2005. Fed. R. Civ. P. 36(a) (providing that matters are deemed admitted unless a response is made within 30 days after service of the request); Fed. R. Civ. P. 6(e) (extending time for response by 3 days when service is by mail). However, Plaintiff failed to respond.

As a result, all matters subject to the requests for admission are deemed to be admitted and "conclusively established." Fed. R. Civ. P. 36(a)-(b). Rule 36(b) provides that Plaintiff may file a motion to amend or withdraw his admissions, but Plaintiff has not filed any such motion. Thus, among the matters deemed admitted and conclusively established are:

    1.    That Defendant did not discriminate against Plaintiff based on race (Request for Admission ["RFA"] No. 1);

2

2. That Defendant did not retaliate against plaintiff based on his prior EEO activity (RFA No. 2);

3. That none of Plaintiff's supervisors or co-workers discriminated against Plaintiff based on race (RFAs Nos. 5 and 6);

4. That various individuals, whom Plaintiff reportedly identified as former supervisors, did not discriminate against Plaintiff based on race or retaliate against him based on protected EEO activity (RFAs Nos. 10-41);[1]

5. That none of the allegedly adverse employment actions detailed in the complaint had anything to do with Plaintiff's race (RFAs Nos. 42-46);

6. That Plaintiff suffered no emotional distress as a result of the events in the complaint (RFA No. 47); and

7. That Plaintiff is claiming no lost wages as a result of the events in the complaint (RFA No. 51).

Given these admissions, the Court concludes that no reasonable juror could find for Plaintiff, and awarding summary judgment to Defendant is therefore appropriate. Accordingly, with good cause appearing, the Court GRANTS Defendant's motion for summary judgment. The Clerk shall close the file.

**IT IS SO ORDERED.**

DATED   05/11/05                              /s/
                                        THELTON E. HENDERSON, JUDGE
                                        UNITED STATES DISTRICT COURT

---

[1] Defendant asserts that the named individuals in these requests for admissions are individuals whom Plaintiff identified as former supervisors. However, Defendants submitted no evidence that the individuals were, in fact, Plaintiff's former supervisors or that Plaintiff so identified the named individuals.

3